

**FILED**
**Aug 18, 2023**
**09:40 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Yow | ) | Docket No.  2022-08-1050 |
| | ) | |
| v. | ) | State File No.  33104-2020 |
| | ) | |
| Lowe's Investment Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer challenges the trial court's order compelling it to provide the employee a panel of physicians in the geographic area where he now lives. The employer argues that the employee's original treating physicians indicated they did not reasonably anticipate a need for future medical care and that the employee did not come forward with evidence that additional medical care is reasonable and necessary as a result of the work accident. In rejecting the employer's argument, the trial court reasoned that the Workers' Compensation Law requires an employer to provide a new panel of physicians under these circumstances. The employer has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

W. Troy Hart, Knoxville, Tennessee, for the appellant, Lowe's Investment Corp.

Charles R. Patrick, Memphis, Tennessee, for the appellee, James Yow

### Factual and Procedural Background

James Yow ("Employee") sustained a compensable injury on May 27, 2020, while working for Lowe's Investment Corp. ("Employer"), when a door display fell and struck him in the head.[1] Medical benefits were provided, and Employee received treatment

---

[1] In various places in the record, the employer is referred to as Lowes, Lowe's Investment Corporation, or Lowe's Home Centers, Inc. Because there is no motion to amend the pleadings or an order clarifying the employer's correct name, we have styled our opinion consistent with the trial court's interlocutory order.

1

from Dr. Jon G. Staffel, an ear, nose, and throat specialist, and Dr. Rance Wilbourne, a neurologist. Employee's diagnoses included displaced fractures of facial bones, a facial laceration, headaches, neuralgia, cervicalgia, and TMJ joint dysfunction. Dr. Wilbourne placed Employee at maximum medical improvement ("MMI") on October 2, 2020, and Dr. Staffel placed Employee at MMI on May 27, 2022.

In 2022, Employee moved his residence to Florida and asked Employer to provide new panels of physicians for continuing treatment of his work-related injuries. Employer declined to do so. In support of its decision, Employer submitted Dr. Staffel's and Dr. Wilbourne's responses to written questionnaires forwarded to them by Employer's counsel. On those questionnaires, both Dr. Staffel and Dr. Wilbourne checked "yes" in response to the following question:

> Considering that there has been no anatomical change in Mr. Yow's condition, do you anticipate that if Mr. Yow will need future medical treatment, it will be for a personal reason and in no way related to his work-related injury?

In addition, Dr. Wilbourne included several handwritten notes in his responses related to Employee's TMJ joint complaints, one of which stated, "The work-related accident likely exacerbated an underlying chronic issue," and another stated, "Again, [the work accident] likely exacerbated [Employee's pre-existing TMJ issue] acutely."

After Employer declined to provide a new panel of physicians, Employee was seen at a Florida emergency room, where he reported his history of a work-related injury and complained of dizziness and nausea. Emergency room personnel referred Employee to a neurologist. Thereafter, Employee filed a petition, and the court issued a docketing notice indicating it would decide the matter on the record without holding an in-person hearing. Neither party objected to the court's notice of an on-the-record determination, and both parties submitted position statements and documentation for the court's consideration. In its expedited hearing order, the court concluded Employer had a statutory obligation to offer Employee a new panel of physicians in these circumstances, and Employer has appealed.[2]

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the

---

[2] In its expedited hearing order, the trial court also concluded Employee was entitled to an award of attorneys' fees and costs and instructed Employee to file an appropriate petition for such fees and costs. Employer did not appeal that aspect of the trial court's order. As of the date the notice of appeal was filed, Employee's petition for fees and costs remained pending.

opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings of the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

On appeal, Employer asserts the trial court made a "clearly erroneous interpretation of [Tennessee Code Annotated section] 50-6-204(a)(3)(F)." For his part, Employee asserts that Employer's appeal is frivolous and that it should be held liable for "damages," including but not limited to additional attorneys' fees and costs on appeal.

### *Order for Panel of Physicians*

In essence, Employer argues on appeal that, in circumstances where an authorized treating physician has expressed an opinion that no future medical care is reasonably anticipated, Employee has the burden of proving that additional medical care is reasonable, necessary, and causally related to the work accident before Employer will have any further obligation to authorize medical treatment. We disagree.

Tennessee Code Annotated section 50-6-204(a)(1)(A) obligates an employer to provide an injured worker "free of charge . . . such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." The various obligations of the employee and the employer are described in Tennessee Code Annotated section 204(a)(3)(A)(i), which requires the employee to "accept the medical benefits afforded under this section" and the employer to "designate a group of three (3) or more physicians . . . from which the injured employee shall select one (1) to be the treating physician." Further, the rules applicable to Tennessee's workers' compensation program mandate the provision of a panel of physicians "[f]ollowing receipt of notice of a workplace injury and the employee expressing a need for medical care." Tenn. Comp. R. & Regs. 0800-02-01-.06(1). Finally, in circumstances where an injured employee "changes the employee's community of residence after selection of a physician under this subdivision (a)(3), the employer *shall* provide the employee, upon written request, a new panel of reputable physicians . . . from which the employee *shall* select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(F) (emphasis added.)

3

We have previously addressed employers' obligations to provide panels of physicians. For example, in *Hawes v. McLane Co., Inc.*, No. 2021-08-0170, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9-11 (Tenn. Workers' Comp. App. Bd. Aug. 25, 2021), we explained as follows:

> Employer contends it has an absolute right to decline providing a panel of physicians when the employer has evidence establishing a defense to the employee's alleged work-related injury. While we agree an employer has a right to investigate and deny an employee's claim based on its factual assertion that the alleged work accident did not occur as reported, or as the result of asserting an affirmative defense, *see* Tennessee Code Annotated section 50-6-110, an employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from the statutory obligations under section 50-6-204(a)(1)(A). In *Lindsey v. Strohs Companies*, 830 S.W.2d 899[, 902-03] (Tenn. 1992), the Tennessee Supreme Court explained the concomitant duties of the parties with respect to medical treatment:
>
>> Under Tenn. Code Ann. § 50-6-204 . . ., an employer has a duty to furnish medical and surgical treatment reasonably necessary to treat a work-related injury. Under the same statute, the injured employee has a corresponding duty to accept the medical benefits provided by the employer, but only if the employer provides a list of three or more physicians or surgeons from which the employee has the privilege of selecting the operating surgeon or attending physician.

(Internal quotation marks omitted.)

Further, we addressed an employer's obligations to provide a new panel of physicians in circumstances where the original panel-selected physician was no longer willing or able to provide authorized treatment. In *Limberakis v. Pro-Tech Security, Inc.*, No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017), the panel-selected physician advised the employee that he had no other treatment to offer and refused to schedule another appointment "despite repeated requests." *Id.* at *3. The employer took the position that it had no further obligation to provide medical benefits and, in support of this position, produced a letter from the treating physician indicating that the doctor "did not believe [the employee] 'will require further medical treatment as it directly relates to . . . the work-related injury.'" *Id.* In rejecting Employer's argument, we explained:

> [A]n employer cannot unilaterally terminate an employee's entitlement to reasonable and necessary medical benefits following a compensable work

4

injury. As explained by the Workers' Compensation Appeals Panel, "[i]n the absence of evidence directed specifically to the issue of termination of treatment, the employer must provide [the employee with] future, free reasonably necessary medical . . . treatment." *Kennedy v. Lakeway Auto Sales, Inc.*, E2010-02422-WC-R3-WC, 2011 Tenn. LEXIS 842, at \*8 (Tenn. Workers' Comp. Panel Aug. 30, 2011).

*Id.* at \*6. We then concluded, "Unless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker *remains entitled* to reasonable and necessary medical treatment causally related to the work injury." *Id.* at \*7 (emphasis added).

Here, Employer argues that, even in circumstances where it has accepted the compensability of an employee's claim, if a panel-selected physician indicates that he or she does not reasonably anticipate a need for further medical care, the employer's obligation to provide medical benefits is suspended, and the employee has the burden of proving that further medical care is reasonable and necessary. We conclude Employer has misconstrued Tennessee law on this issue.

First, Tennessee Code Annotated section 50-6-204(a)(3)(F) *requires* an employer to provide a new panel of physicians in compensable cases where the injured worker has moved his or her residence to a new community. Thus, in circumstances where an injured worker with a compensable claim moves to a new locality, the employer *shall* provide a new panel of physicians, and it is that physician's duty to determine whether additional medical treatment is reasonable, necessary, and causally related to the work accident. Further, section 50-6-204(a)(3)(H) creates a rebuttable presumption that treatment recommended by a panel-selected physician is reasonable and necessary.

Second, we note that the questionnaires Employer sent to the panel-selected physicians in the present case contained a significant caveat. In asking whether the physicians reasonably anticipated any need for additional treatment, Employer asked the physicians to *presume* that "there has been no anatomical change" in Employee's condition. However, Employer offered no factual basis for this assertion, and each physician would have personal knowledge of Employee's physical condition only as of the last date that physician examined Employee. Further, Employee presented medical records indicating he had sought treatment at an emergency room in Florida in August 2022 for vision changes and "intermittent bouts of dizziness" with "occasional nausea" after having "suffered a closed head injury 2 years ago . . . that resulted in a concussion and nasal reconstruction." Emergency room personnel referred Employee to a neurologist. There is no indication in the record that either Dr. Wilbourne or Dr. Staffel was aware of or reviewed these hospital records prior to responding to the questions posed to them by Employer's counsel.

5

We conclude, based on the totality of the circumstances and the evidence presented, that Employer was obligated by Tennessee Code Annotated section 50-6-204(a)(3)(F) to provide Employee a panel of physicians in his new locality. It will be the selected physician's responsibility to determine whether Employee needs additional medical treatment that is reasonable, necessary, and causally related to the 2020 work accident. Further, the selected physician's opinion will be entitled to a presumption of correctness in accordance with section 204(a)(3)(H), but that presumption is rebuttable by a preponderance of the evidence. *Rhea v. Titan Transfer, Inc.*, No. 2022-08-0514, 2023 TN Wrk. Comp. App. Bd. LEXIS 16, at *8 (Tenn. Workers' Comp. App. Bd. Apr. 11, 2023). Thus, we agree with the trial court's determination that Employer is statutorily obligated to provide Employee a panel of neurologists in his new locality and to authorize any treatment that the selected physician concludes is reasonable, necessary, and causally related to the work accident.

*Frivolous Appeal Claim*

Finally, Employee asserts that Employer's appeal is frivolous and, therefore, Employee should be awarded "damages," including attorneys' fees and costs, associated with this appeal. A frivolous appeal is one that is devoid of merit or brought solely for delay. *See, e.g.*, *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *16-17 (internal citations omitted). Based on the record before us, we conclude that, although the issue is close, Employer's appeal is not frivolous, and we decline to award attorneys' fees or costs arising from Employer's appeal.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Yow | ) | Docket No.    2022-08-1050 |
| | ) | |
| v. | ) | State File No.  33104-2020 |
| | ) | |
| Lowe's Investment Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Charles Patrick | | | | X | cpatrick@forthepeople.com ccritter@forthepeople.com |
| Allison Tomey | | | | X | aptomey@mijs.com abhaley@mijs.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov